## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES BIBBS et al,**[1] | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **A-14-CV-257-LY** |
| | § | |
| **TRANSCANADA KEYSTONE XL** | § | |
| **PIPELINE et al.** | § | |
| **Defendants.** | § | |

**ORDER ON _IN FORMA PAUPERIS_ STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Charles L. Bibbs' ("Bibbs'") Application to Proceed _In Forma Pauperis_ (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED _IN FORMA PAUPERIS_

After reviewing the financial information in Bibbs' _in forma pauperis_ motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Bibbs _in forma pauperis_ status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Bibbs is further advised that although he has been

---

[1]Bibbs has listed several other co-plaintiffs in the title of his case. However, as he is the only individual to sign the pleadings, the Court addresses all claims relating to Bibbs only.

granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Bibbs' Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Bibbs has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint

states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations and Claims

Pursuant to 42 U.S.C. §1983, Bibbs, describing himself as "mentally disabled," complains that President Barack Obama, Governor Rick Perry, and  Lieutenant Governor David Dewhurst all acted in their individual and official capacities to allow the TransCanada Keystone XL Pipeline to be built.  He also lists John Kerry, TransCanada Keystone XL Pipeline and Russ Girling, CEO of TransCanada Corporation, in the style of the case, although he does not mention them in his Complaint.

Although his pleadings are rambling and vague, after much review, the Court gleans that Bibbs complains generally that Executive Orders are used to hide government acts from the people and that the communities affected by the TransCanada Keystone XL Pipeline were not allowed to vote about its location.  He complains that President Obama allowed TransCanada Keystone to build the pipeline without a popular vote. He requests that he, and all Texans, be given an annual

Permanent Fund Dividend check to share in the oil and mineral profits and be given "the same rights as the Alaskans."

Bibbs also asserts that he is bringing a class action on behalf of "the many Native Indian Quérechos, Teyas of the South Plains, Cherokees that was mostly wiped out." Complaint at 4d. He asserts that these native peoples are also entitled to share in the dividends that should be afforded to other Texas residents. Bibbs seems to be asserting that he is of Cherokee heritage, and as such is especially entitled to "a check every year." He requests an injunction requiring that a public corporation be created, as in Alaska, presumably to issue the annual checks.

**B.     Merits of Bibbs' Claim**

Bibbs complains that his due process right were violated when the pipeline in issue was built in Texas without a popular vote on the issue. As a remedy, Bibbs is requesting this Court to require Texas to create a fund akin to the Alaska Permanent Fund.

The Alaska Permanent Fund is a dedicated fund owned by the State of Alaska. It was created in 1976, as the Alaska pipeline construction neared completion, when Alaska voters approved a constitutional amendment to establish a dedicated fund to manage a portion of Alaska's money gained from "mineral lease rentals, royalties, royalty sales proceeds, federal mineral revenue-sharing payments and bonuses received by the state . . . . the principal of which may only be used for income-producing investments." The Alaska Permanent Fund pays annual benefits to qualified Alaska residents. http://www.apfc.org/home/Content/aboutFund/aboutPermFund.cfm [2]

---

[2]The court is unclear under what mechanism it could grant Bibbs the relief he requests. The Court does not have the jurisdiction to require the citizens of Texas to amend its Constitution and create a particular fund to pay him and others annual dividends. The Court suggests that should Mr. Bibbs desire receipt of an annual dividend, he might consider moving to Alaska.

4

1.      **Standing**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Further, "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires a plaintiff to show: "(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001) (citations omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted).

Bibbs generally complains that his Due Process rights were violated because the building of the TransCanada Pipeline in Texas was done without voter authority and that he, and all Texans, should be afforded a dividend created from the State's profits on the pipeline. Bibbs has failed to show any injury specific to him sufficient to support standing. He does not claim he owned land that the pipeline crossed or had any other individual interest in the transaction. "Abstract injury is not enough." *Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners*, 622 F.2d 807, 814 (5th Cir. 1980), cert. denied, 450 U.S. 964 (1981). The Supreme Court has interpreted the requirement that an injury be "concrete and particularized" to preclude harms that are suffered by many or all of the American people. *Lujan*, 504 U.S. at 573–74; *United States v. Richardson*, 418 U.S. 166, 176–77, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Schlesinger v. Reservists Comm. to Stop*

*the War*, 418 U.S. 208, 220–22 (1974); *Ex Parte Levitt*, 302 U.S. 633` (1937). Consequently, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74. Bibbs general complaints about the citizenry's denial of a vote on any pipeline fails to establish the injury in fact necessary to establish standing. Thus, Bibbs' claims are properly dismissed for lack of subject matter jurisdiction.[3]

### 2.    Claims Against President Obama

Bibbs alleges that he is making claims against President Barack Obama in both his official and individual capacities. Bibbs complains that through the issuance of Executive Orders, President Obama conspired with various states to allow TransCanada to build a pipeline without letting the citizens of these states vote on the issue, that he "denied disabled people's rights," and that "several state's inhabitants/citizens los[t] their God-given Constitutional rights to enjoy the same wealth as the Government." Complaint at 4a.

---

[3]Moreover, had Plaintiffs alleged an "injury in fact" sufficient to satisfy Article III standing, prudential standing concerns would likewise prevent the Court from exercising jurisdiction. The Supreme Court has held that "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474–75 (1982). Plaintiffs' claims fall squarely into the category of generalized grievances that are most appropriately handled by the legislative branch. The Court acknowledges Plaintiffs' frustration with what they perceive as Congress' inaction in this area, but their remedy may be found through their vote.

The President of the United States is entitled to absolute immunity for any action taken in an official capacity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).  There is no allegation that any Executive Orders were not issued in the President's official capacity.  Further, to the extent Bibbs tries to assert individual capacity claims against the President, those claims also fail. Although  the victims of a constitutional violation by a federal agent may recover damages against the official in federal court,  *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a federal official sued individually is entitled to qualified immunity unless the allegations in the complaint establish a violation of a constitutional right that was clearly established at the time of the alleged misconduct, *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir.1987).  Bibbs has failed to plead any conduct by President Obama that violated clearly established constitutional law or statutory rights, and President Obama is  entitled to qualified immunity for any individual capacity claims that Bibbs brings against him.

### 3.    Claims Against Governor Perry

Bibbs alleges that Texas Governor Rick Perry conspired with President Barack Obama to construct a state to state pipeline without Congressional approval or voter approval.  Leaving aside the fact that it is highly unlikely that President Obama and Governor Perry have ever conspired to take *any* action, the Governor is immune from suit for damages under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89  (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney,* 495 U.S. 299, 304 (1990).  Thus, to the extent Bibbs requests annual payments from either Texas or Governor Perry, those claims are meritless.

7

Bibbs asks the Court to enter an injunction requiring the State to create a public corporation to collect and administer the dividends to which he alleges he is entitled. The Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123, 149 (1908). However, the Fifth Circuit has explained that the *Ex parte Young* exception requires that the sued official have "'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 414–15 (5th Cir. 2001) (en banc ) (quoting *Ex parte Young*, 209 U.S. 123, 157, 158 (1908)). In this case, there is no duty for any state official to administer or collect pipeline-related funds and pay out dividends to Texans, and Bibbs's suit against Governor Perry fails to state a claim on which relief may be granted.

Additionally, with regard to any individual capacity claims against Governor Perry, the doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Bibbs has failed to plead any conduct by Governor Perry that violated clearly established constitutional law or statutory rights of which a reasonable person would have known, and the Governor is entitled to qualified immunity.

####     4.      Claims Against Lt. Governor Dewhurst

Bibbs' claims against Texas Lieutenant Governor David Dewhurst are virtually identical to

those against Governor Perry and fail for the same reasons.

####     5.      Claims Against Secretary of State Kerry

Bibbs also names Secretary of State John Kerry in the style of his case, and alleges he is

making claims against Secretary Kerry in his individual capacity; however, Bibbs neglects to actually

make any claims against Secretary Kerry or name him in the body of the Complaint.  Thus, Bibbs

has failed to state a claim against Secretary Kerry in either his individual or official capacity.

Additionally, official immunity protects federal officials from civil suits arising out of actions taken

in the performance of their official duties and responsibilities.  *Barr v. Matteo*, 360 U.S. 564 (1959).

Secretary Kerry is also entitled to qualified immunity for any individual capacity claims.

####     6.      Claims Against TransCanada XL Pipeline and Russ Girling, CEO of TransCanada

Section 1983 states in part, "Every person who, under color of any statute, ordinance,

regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes

to be subjected any citizen of the United States or other person within the jurisdiction thereof for the

deprivation of any rights, privileges, immunities secured by the Constitution and laws shall be liable

to the party injured. . . ." 42 U.S.C. § 1983.  Section 1983 does not exist to provide a remedy for the

wrongful conduct of private parties, no matter how onerous the conduct.  *Cornish v. Correctional

Services Corp.*, 402 F.3d 545 (5th Cir. 2005).  For a plaintiff to state a viable § 1983 constitutional

deprivation claim against a private party, the private party's alleged conduct must constitute state

action under color of state law.  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982).  Bibbs fails to

9

identify any acts of Girling or TransCanada that he alleges were carried out under color of state law or deprived him of any rights.  In fact, he neglects to plead any facts relating to these two defendants at all.  All claims against them are properly dismissed for failure to state a claim.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Bibbs *in forma pauperis* status (Dkt. No. 1).  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.  The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Bibbs' claims  pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of April, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE